### DIXON et al. v. PUGH.

No. 9091—Opinion Filed Dec. 10. 1918.

Rehearing Denied March 4, 1919.

(178 Pac. 880.)

1. **Mortgages—Foreclosure Sale—Rights of Purchaser—Crops.**

The purchaser of land and tenements sold at sheriff's sale under foreclosure proceedings is entitled to all the crops on said land and tenements that at said time are not severed from the soil, as against all parties whose rights have been foreclosed, whether matured or immatured.

2. **Appeal and Error—Bond—"Waste"—Liability of Surety.**

J. D. P. purchased a tract of land at sheriff's sale under foreclosure. B. S. D., who was a party defendant and in possession of said premises, gave notice of appeal from the order confirming the sale, and executed a supersedeas bond as provided by law. Said appeal was not perfected, but between the date of confirmation and surrender of possession to J. D. P. by B. S. D. certain crops, which were not severed from the soil on the date of confirmation, were harvested and sold by B. S. D. Held, in an action to recover on said supersedeas bond, that the harvesting and selling of said crops by B. S. D. constituted "waste," within the meaning of the provision of said supersedeas bond which provides that B. S. D. and his surety should be liable for all waste committed from the date of execution of said bond.

3. **Same—Action on Bond—Construction.**

The instructions in the instant case exam-

ined, and held to be a proper statement of the law applicable to the facts in said case.

(Syllabus by Davis, C.)

Error from County Court, Caddo County; C. R. Johnston, Judge.

Action by John D. Pugh against B. S. Dixon and Clyde Thompson. Judgment for plaintiff, and defendants bring error. Affirmed.

C. H. Carswell, for plaintiff in error.

Theodore Pruett, for defendant in error.

Opinion by DAVIS, C. This action was begun in the county court of Caddo county, Okla., by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover on a supersedeas bond executed by B. S. Dixon and Clyde Thompson, surety.

In an action in the district court of Caddo county, Okla., John Pugh secured a judgment foreclosing a real estate mortgage, and subsequent thereto the real estate was sold by the sheriff of Caddo county, the sale was confirmed, and a deed issued to the purchaser. B. S. Dixon, defendant in this case, was in possession of the real estate under a lease from the mortgagor, and was made a party defendant in the foreclosure proceeding. From the order confirming the sale in the foreclosure proceedings, he gave notice of appeal to the Supreme Court of the state, and secured a stay of judgment under an order conditioned on his giving the supersedeas bond sued on herein. The supersedeas bond was executed in July, 1914, but the appeal was never perfected, and in September, 1914, Mr. Dixon surrendered possession of the premises to Mr. Pugh. Between the date on which the order of sale was confirmed, to wit, the 2nd day of July, 1914, and the time when Mr. Dixon surrendered possession to Mr. Pugh, he gathered a crop of corn that was growing on said premises on the date that the order was made approving sheriff's sale of said premises, and also cut a certain alfalfa crop and sold the hay derived therefrom. This action was instituted on the bond for the purpose of recovering the amount of corn gathered and the amount of hay cut and sold, and for the reasonable value for the use and occupation of the premises between the 2nd day of July, 1914, and the date that the premises were surrendered to Mr. Pugh. That part of the bond which is material to this case is as follows:

"Now, therefore, if said above-named principal shall not, during his possession of said property, pending determination of said cause on appeal commit or suffer to be committed any waste thereon, and a judgment or order appealed from be affirmed shall pay the value of the use and occupation of said premises from the date of this undertaking until delivery of possession thereof, pursuant to said judgment, then this obligation shall be void; otherwise, to remain in full force and effect."

There are two propositions urged in this case for a reversal of this cause. It is first urged by counsel for plaintiffs in error that the corn and alfalfa on the premises sold at sheriff's sale to Mr. Pugh did not constitute a part of the realty, and that the purchaser at the foreclosure sale was not entitled to the matured crops on the premises at the date said sale was confirmed, but that the tenant in possession was entitled to the matured crops on the date that the order of confirmation of sale was made, although said crops had not been severed from the soil. A number of authorities have been cited in support of this contention, but it will be unnecessary to notice in detail the holdings of the various courts on this question.

In the case of Hartshorne v. Ingels, 23 Okla. 535, 101 Pac. 1045, 23 L. R. A. (N. S.) 531, this question was decided adversely to the contention made by counsel for plaintiffs in error. In the case of Hartshorne, supra, Judge Hayes made an extensive review of the various holdings of different courts on this question and adopted the rule:

"That the purchaser of premises sold at sheriff's sale under foreclosure proceedings was entitled to all the crops on said premises that were not at said time severed from the soil."

The distinction between matured and immatured crops was disregarded. This question being settled in the jurisdiction, an extended review of this question could serve no useful purpose.

Under the rule announced in the foregoing case, the defendant in error, John D. Pugh, who purchased the premises at the sheriff's sale under a foreclosure proceeding, was entitled to all the crops on said premises that were unsevered from the soil.

It is next urged that, although Mr. Pugh may be entitled to recover for the use and occupation of said premises from the date of the confirmation of such sale until the date on which he surrendered possession, the bond is not sufficient to include the crops harvested by Mr. Dixon and sold dur-

ing said time. It is argued at great length that the provision of the undertaking, which provides "that pending a determination of said cause on appeal the said principal shall not commit or suffer to be committed any waste thereon," does not cover the crops matured, harvested and sold, for the reason that in contemplation of the law the harvesting of crops does not constitute waste within the meaning and purview of the provision in said bond. Numerous citations are made to sustain this contention, but suffice it to say that all the citations relied upon by counsel in support of this contention are taken from the old common-law definition of what constitutes "waste." The modern rule that governs in this class of cases is stated by Tiffany in his work on the Modern Law of Real Property (Volume 1, par. 47), as follows:

"The question of what constitutes waste is, at the present day, determined primarily, at least, by the consideration whether the act results in injury to the inheritance. In former times, some cases are regarded as waste merely because they changed the appearance of the land, and so impaired the evidence of title thereto; but, with the adoption of improved methods of identifying lands, this can no longer be regarded as waste. It was, in part at least, on this principle, that any change in the character of the land, as of meadow into arable land, or arable land into wood, was formerly regarded as constituting waste, but at the present day such a change would not be waste, at least in this country, unless it constitute an actual injury to the inheritance.

"A merely trifling damage has from early times been regarded as insufficient to support an action for waste; the judgment being entered for defendant in case the jury finds for the plaintiff in merely nominal damages.

"In determining whether particular acts constitute waste, the condition and usages of the particular locality are to be considered; a thing thus constituting waste in one locality which is not waste in another. The general tendency of the American courts has been to restrict the application of the English law of waste, in order to adapt it to the condition of a new and growing country, and to stimulate the development of the land by the tenant in possession."

It will be seen from the foregoing statement of the author that the primary question to be determined in the instant case is whether or not the harvesting of the crops resulted in a material injury to the inheritance of Mr. Pugh. The evidence discloses that Mr. Dixon harvested and sold about $200 worth of corn, and $35 worth of alfalfa, and that the jury found the amount due for the occupation of said premises was reasonably worth the sum of $40. A verdic was returned for the sum of $275. Under the decision of Hartshorne, supra, the corn and alfalfa constituted a part of the real estate purchased at the sheriff's sale. The purchaser at this sale was entitled to all of the real estate sold; therefore when Mr. Dixon afterwards harvested $235 worth of crops to which Mr. Pugh was justly entitled, he impaired to that extent the value of the real estate sold by the sheriff under said order of sale. This certainly constituted a material impairment and injury to the inheritance of the purchaser at the sheriff's sale under the foreclosure proceedings, and we are fully convinced that the bond executed to supersede the order confirming the order confirming the sale includes within its provisions the identical acts here charged against the obligor and his surety.

It seems to us too absurd to need citation and argument to say that a man can supersede an order confirming the sale of real estate by giving notice of appeal to the Supreme Court and executing a supersedeas bond, and, before the time expires to serve a case-made, harvest and sever all the matured crops on the premises, and sell the same and receive all the benefits derived therefrom, and then surrender possession to the rightful owner, and escape liability on the bond under a plea that he has not in truth and in fact committed any waste on the premises.

These are the only two questions presented for consideration, except that complaint is made in reference to certain instructions given with reference to the measure of damages. The particular objection urged against the instruction on the measure of damage is that the court instructed the jury that, if they found by a preponderance of the evidence that between the date on which the sale was confirmed and deed ordered to be issued to Mr. Pugh, the purchaser at the sale, and the date on which the defendant, Mr. Dixon, surrendered possession of the premises, that the defendant, B. S. Dixon, harvested and gathered crops that were unsevered from the soil on the day that said sale was confirmed, that he was liable to the plaintiff for the reasonable value thereof. We are inclined to think that is a correct statement of law applicable to the facts in this case, and that there was no error in giving the same.

Finding no error that is prejudicial to rights of the plaintiffs in error, we there-

fore recommend that this judgment be affirmed.

By the Court: It is so ordered.